# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUGUST NICHOLAS SANTILLO, ) | |
| ) | Civil Action No. 12 - 1718 |
| Petitioner, ) | |
| ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| v. ) | |
| ) | |
| THE ATTORNEY GENERAL OF ) | |
| THE STATE OF PENNSYLVANIA, ) | |
| ) | |
| Respondent. | |

## MEMORANDUM OPINION AND ORDER

August Nicholas Santillo ("Petitioner") has petitioned the court for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the petition will be dismissed without prejudice.

### A. Relevant Procedural History

From May 1, 2001, through August 26, 2008, Petitioner was a coordinator of the scrip program at St. Vitus Roman Catholic Parish in New Castle, Pennsylvania. In this role, he was responsible for distribution of Giant Eagle gift cards which were purchased by individuals to benefit the parish's fundraising program. He was also responsible for making deposits into and managing the scrip accounts. His role as program coordinator afforded him access to currency and gift cards which were part of the program. Petitioner's wife, Kimberly, worked for the Parish as a secretary and bookkeeper. She had access to various parish bank accounts and the parish safe. Petitioner would improperly divert checks and cash earmarked for other parish purposes to the scrip fund, and then convert that money into gift cards, which he would use for

1

his own purposes, including the purchase of various personal luxury items. He would also deposit various amounts of cash into his and his wife's personal bank accounts. He also fraudulently obtained a large amount of "fuel points" from Giant Eagle by using his Advantage card in his unauthorized purchase and use of these gift cards. As a result, Giant Eagle suffered a loss of $3835.61. The theft from Giant Eagle constituted the offense at case number CP-37-CR-345-2009 and the theft from the Church itself constituted the offense at case number CP-27-CR-346-2009. (Criminal Complaint, ECF No. 12-2 at 4-6, 13-15.)

On August 11, 2010, Petitioner pled guilty to one count of Theft by Deception at case number 345 of 2009 and one count of Theft by Unlawful Taking at case number 346 of 2009. (ECF No. 12-1 at 11, 31.) In exchange for his plea, consecutive sentences of 18 to 36 months of incarceration plus four years of probation and 12 to 24 months of incarceration plus three years of probation were imposed on November 10, 2010, resulting in a total sentence of 2.5 to 5 years of incarceration, followed by seven years of probation. (ECF No. 12-1 at 12-13, 32.) Petitioner was also ordered to pay $396,562.65 in restitution to Federal Insurance Company and $75,000 in restitution to the Roman Catholic Diocese of Pittsburgh. No post sentence motion or direct appeal was filed. Petitioner filed a Post Conviction Relief Act ("PCRA") petition on June 30, 2011. (ECF No. 12-1 at 14, 34.) An evidentiary hearing on the petition is currently scheduled for April 30, 2013. (ECF No. 12-1 at 21, 41.)

### B. Exhaustion

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *see also* O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question

presented. 28 U.S.C. § 2254(c); *see also* Castille v. Peoples, 489 U.S. 346, 350 (1989). In other words, a petitioner must invoke "one complete round of the state's established appellate review process," in order to exhaust his remedies. O'Sullivan, 526 U.S. at 845.

The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991); *see also* O'Sullivan, 526 U.S. at 842-49. The requirement is:

> principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. *See* Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91 (1973). Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." Ex parte Royall, 117 U.S. at 251. Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Darr v. Burford, 339 U.S. 200, 214 (1950). *See* Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (*per curiam*) (noting that the exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights").

Rose v. Lundy, 455 U.S. 509, 517 (1982) (footnote omitted). "[A] state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedy as to any of his federal claims." Coleman, 501 U.S. at 731 (citing Ex parte Royall, 117 U.S. at 241; Lundy, 455 U.S. at 509; Castille, 489 U.S. at 346; and 28 U.S.C. § 2254(b)).

Here, Petitioner's claims have not been exhausted. No direct appeal was filed and his post-conviction proceedings have not yet concluded. Petitioner asserts that the exhaustion requirement should be waived because of "inordinate delay" on the part of the state courts. An

3

exception to the exhaustion requirement is made when "inordinate delay" in state proceedings has rendered state remedies ineffective. *See* Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994); Schandelmeier v. Cunningham, 819 F.2d 52, 55 (3d Cir. 1986). The passage of thirty-three (33) months between the filing of a petitioner's post-conviction relief petition and the filing of his habeas petition in federal court has been found to be "inordinate" so as to excuse the exhaustion requirement and to require the district court to entertain the petitioner's habeas petition on the merits. *See* Wojtczak v. Fulcomer, 800 F.2d 353 (3d Cir. 1986). Sixteen years later, the Third Circuit observed that the thirty-three (33) month delay in Wojtczak "remains the shortest delay held to render state collateral proceedings ineffective for purposes of the exhaustion requirement." Cristin v. Brennan, 281 F.3d 404, 411 (3d Cir. 2002). In Cristin, the Third Circuit found the twenty-seven (27) month delay between the filing of a PCRA petition and a federal habeas petition to be insufficient to constitute an "inordinate" delay. Id. In reaching that conclusion, the Cristin Court compared the progress of litigation in Wojtczak observing that "only marginal progress had been made during the thirty-three month pendency of the PCRA petition," with the progress in Cristin where oral argument had occurred and a hearing had been scheduled, but subsequently was waived. Id. The Cristin Court then observed that, "While we much prefer that the PCRA process advance more expeditiously, we do not find its delay to have rendered relief for Cristin 'effectively unavailable.'" Id.

Petitioner filed his initial PCRA petition on June 30, 2011. (ECF No. 12-1 at 14, 34.) He then proceeded to file an amended petition on April 26, 2012, a supplement to his amended petition on June 19, 2012, and a petition for writ of habeas corpus from the PCRA court on August 3, 2012. (ECF No. 12-1 at 17-18, 37-38.) Counsel was appointed for Petitioner throughout these proceedings. An evidentiary hearing was scheduled for January 29, 2013, but

4

was continued at the request of defense counsel and rescheduled for April 30, 2013. (ECF No. 12-1 at 21, 41.) The approximately seventeen (17) month period that elapsed between Petitioner's filing of his PCRA petition on June 30, 2011, and his mailing of the instant habeas petition on November 20, 2012, does not qualify as "inordinate." Moreover, but for a scheduling conflict on the part of defense counsel, an evidentiary hearing would have been held on January 29, 2013. As such, the habeas petition will be dismissed without prejudice. When Petitioner has exhausted his state court remedies he may re-file his habeas petition in this Court. However, Petitioner must exercise diligence as he still must comply with the timeliness requirements of the AEDPA. For now, however, Petitioner's habeas petition must be dismissed without prejudice.

**AND NOW**, this 14th day of February, 2013;

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 4) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: August Nicholas Santillo
JU-9167
S.C.I. Mercer
801 Butler Pike
Mercer, PA 16137

Counsel of Record